# Supreme Court of Florida

_____

No. SC20-165

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION—2020 REGULAR-CYCLE REPORT.**

January 21, 2021

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Judicial Administration. We have jurisdiction. *See* art. V, § 2(a), Fla. Const. With one exception, we adopt the Florida Bar Rules of Judicial Administration Committee's (Committee) amendments as proposed. As explained below, we decline at this time to adopt the amendments to rule 2.420 (Public Access to and Protection of Judicial Branch Records).

## I. BACKGROUND

The Committee filed its regular-cycle report[1] proposing amendments to the following rules: 2.110 (Scope and Purpose); 2.265 (Municipal Ordinance

---

1. *See* Fla. R. Jud. Admin 2.140(b). The Committee's report was filed on February 3, 2020, prior to the effective date of the amendments adopted in *In re Amendments to Florida Rule of Judicial Administration 2.140*, 289 So. 3d 1264

Violations); 2.330 (Disqualification of Trial Judges); 2.420 (Public Access to and

Protection of Judicial Branch Records); 2.505 (Attorneys); and 2.510 (Foreign

Attorneys). The Committee had previously published its proposals for comment.

Numerous comments were received, and while considered, they were largely

rejected by the Committee. The Board of Governors of The Florida Bar approved

the proposals unanimously. Upon publication by the Court, four comments were

filed, by Florida Bar members Anthony C. Musto and Rex E. Russo, individually,

the "News Media Coalition,"[2] and the Florida Association of Court Clerks, Inc.

d/b/a Florida Court Clerks & Comptrollers (FACC).[3] As discussed below, we

---

(Fla. 2020), which "[did] away with the set schedule for rules committee reports." *Id.* at 1264.

2. The "News Media Coalition" consists of the Associated Press, the Bradenton Herald, Inc., Courthouse News Service, the First Amendment Foundation, the Florida Press Association, Gannett (d/b/a/ *Daily Commercial*, *Daytona Beach News-Journal*, *Florida Today*, *Herald-Tribune*, *Naples Daily News*, *Northwest Florida Daily News*, *Ocala Star Banner*, *Panama City News Herald*, *Pensacola News Journal*, *Tallahassee Democrat*, *TC Palm*, *The Destin Log*, *The Florida Times-Union*, *The Gainesville Sun*, *The Ledger*, *The News-Press*, *The Palm Beach Post*, *The Star*, *The Walton Sun*, *and Washington County News*), Miami Herald Media Company; the New York Times Company, Nexstar (d/b/a WFLA-TV/WTTA-TV, and WMBB-TV), Orlando Sentinel Communication Company, LLC, Sun-Sentinel Company, LLC, and TEGNA Inc. (d/b/a WTLV-TV, WJXX-TV, and WTSP-TV).

3. The FACC's comment is not directed at any of the Committee's proposals addressed in this opinion, but was limited to the comment filed by the "News Media Coalition."

adopt the Committee's amendments as proposed with one modification to rule 2.510 (Foreign Attorneys), and with the exception of rule 2.420.

## II. AMENDMENTS[4]

First, rule 2.110 (Scope and Purpose) is amended to modify the title of this body of rules, to the "Florida Rules of General Practice and Judicial Administration." The rules are to be abbreviated "Fla. R. Gen. Prac. & Jud. Admin." This change is intended to clarify to Bar members that this chapter of rules is relevant not only to judges.

Next, we amend rule 2.265 (Municipal Ordinance Violations) to remove a conflict with section 90.202(10), Florida Statutes (2019). Under that statutory provision, a court may take judicial notice of, "[d]uly enacted ordinances and resolutions . . . provided [they] are available in printed copies or as certified copies," while subdivision (d), Judicial Notice of Municipal Ordinances, of rule 2.265 requires judges to take judicial notice of a municipal ordinance "if a certified copy of the ordinance is presented to the court." Accordingly, subdivision (d) is removed and subdivision (e) is redesignated as (d).

Numerous changes are adopted to rule 2.330 (Disqualification of Trial Judges).

---

4. Minor editorial or technical changes are not elaborated upon.

First, subdivision (a), Application, is amended to clarify to which judges this rule applies by adding the text "when acting alone as the sole judicial officer in a trial or appellate proceeding." In addition, a new sentence is added to clarify to whom the rule does not apply.

With respect to subdivision (c), Motion, the more substantial change is the addition to the second numbered paragraph that the motion "identify the precise date when the facts constituting the grounds for the motion were discovered." The remainder of the amendments are organizational.

Subdivision (d), Grounds, is redesignated (e), and (d) is retitled "Service."

New subdivision (e), Grounds, is amended to clarify the nonexclusive grounds upon which a motion to disqualify may be raised, and to require the inclusion in the motion of "all specific and material facts upon which the judge's impartiality might reasonably be questioned."

Next, new subdivision (f), Prohibition Against Creation of Grounds for Disqualification Based Upon Appearance of Substitute or Additional Counsel, is amended in order to eliminate the ability of manipulation by practitioners who create grounds for disqualification through the appearance of substitute or additional counsel. Thus, the provision as amended provides that with the addition of new substitute counsel or additional counsel that that party is prohibited from

filing a motion for disqualification based on the new attorney's involvement in the case.

Former subdivision (e), Time, is now designated subdivision (g). The time period within which to file a motion to disqualify after discovery of the facts giving rise to the motion is amended from ten to twenty days. Further, the rule is amended to provide for measuring that time from discovery of the relevant facts by either the party or the party's counsel, whichever is earlier.

Former subdivision (f), Determination — Initial Motion, is redesignated (h). An internal cross-reference is corrected and new language clarifies that a determination that a motion to disqualify is legally sufficient "does not constitute acknowledgment that the allegations are true."

The remaining subdivisions are redesignated (i)-(*l*) and the amendments thereto are largely technical. In addition, former subdivision (h), Prior Rulings, now subdivision (j), is amended to require that a motion to reconsider prior rulings by a successor judge must be filed within thirty, rather than twenty, days of the order of disqualification. And former subdivision (i), Judge's Initiative, is now (k), and is retitled "Recusal Upon Judge's Initiative."

Next, we decline to adopt the proposed amendments to rule 2.420 (Public Access to and Protection of Judicial Branch Records). According to the report, the proposed amendments to rule 2.420 are intended to substantially reorganize the

rule to make the rule easier to understand and use. However, after a thorough review of the Committee's proposals, it appears to the Court that the proposed amendments do more than simply reorganize and clarify this complex rule. Rather, the proposed amendments appear to delete certain requirements from the rule and make other substantive changes to the rule that are not acknowledged in the report or if acknowledged, the reason for the deletion or change is not adequately explained. Moreover, because numerous provisions in the existing subdivisions of the rule are deleted or moved to other subdivisions throughout the reorganized rule without adequate cross-referencing in the report, it is difficult for the Court to determine exactly how the rule is being amended and to what extent substantive changes could result from the amendments. The Court appreciates the Committee's efforts to improve rule 2.420 and the efforts of those with whom the Committee consulted. But, for these reasons, we must decline to reorganize rule 2.420 as proposed, until such time as the Committee provides adequate explanations of all its proposed changes.

Next, rule 2.505 (Attorneys) is amended to clarify, with descriptions and subdivision titles, the manner in which attorneys are permitted to appear in actions and proceedings.

For example, subdivision (e), Appearance of Attorney, is amended in many respects. First, subdivision (e)(1) is amended to add the title "First Pleading or

Document." The subdivision establishes an attorney's appearance through the signing of the first pleading or document filed for a party. Subdivision (e)(2) adds the title "Notice of Appearance" and establishes the attorney's appearance by filing a notice on behalf of a party. Then, subdivision (e)(3) is titled "Order on Substitution of Counsel," and the text is replaced with the following: "Filing of a written order by the court, that reflects written consent of the client. The court may condition substitution of counsel upon payment of or grant of security for the substituted attorney's fees and expenses or upon such other terms as may be just." The remaining three subdivisions are new. Subdivision (e)(4) is titled "Notice of Substitution of Counsel" and allows for substitution of counsel when the substituting attorney is from the same firm, company, or governmental agency as the attorney of record. Subdivision (e)(5) is titled "Notice of Limited Appearance," and reflects that a filing of a notice of limited appearance is permitted by another rule of court. Finally, subdivision (e)(6) is titled "Appearance as Stand-In Counsel," and provides that counsel may appear as stand-in pursuant to redesignated subdivision (g) (Stand-In Counsel).

Subdivision (f), Termination of Appearance of Attorney, is amended for clarification. Subdivision (f)(1), "Withdrawal of Attorney," is rewritten to remove the first part and states that a withdrawal of counsel may occur by a "written order of the court after hearing upon a motion." Subdivision (f)(2), "Substitution of

Attorney," is completely rewritten and provides that substitution of counsel is pursuant to subdivisions (e)(3) or (e)(4) of this rule. Subdivision (f)(3), "Termination of Proceeding," as amended clarifies that representation is terminated when an action or proceeding is terminated or when the time for appeal expires. Subdivision (f)(4) is retitled from "Filing of Notice of Completion" to "Termination of Post-Judgment Appearance" and is rewritten into two subparts addressing termination of a postjudgment attorney, one pertaining to noncriminal matters and the other pertaining to criminal or juvenile procedure. The last two subdivisions under (f) are new; (f)(5) is "Termination of Limited Appearance," and (f)(6) is "Termination of Hearing." Under (f)(5), the subdivision permits the filing of a termination of appearance if the attorney appeared pursuant to a notice of limited appearance pursuant to rule 2.505(e)(4). Under (f)(6), the subdivision provides for the automatic conclusion of stand-in counsel pursuant to subdivision (g) (Stand-In Counsel).

Current subdivision (g), Law Student Participation, is redesignated as subdivision (j), and subdivision (g) is renamed "Stand-In Counsel." The subdivision is rewritten and provides the procedure in which an attorney may appear as stand-in counsel. However, a stand-in attorney from the same law firm, company, or government agency is not required to file a notice of stand-in counsel.

- 8 -

Subdivision (h), Attorney as Agent of Client, is rewritten in its entirety as follows: "An attorney appearing in an action or proceeding pursuant to subdivisions (e)(1)-(e)(6) is the agent authorized to bind the client for purposes of the action, hearing, or proceeding."

New subdivision (i) is titled "Attorney of Record" and defines what that term constitutes.

Finally, new subdivision (j) is former subdivision (g) and is retitled as "Law Student and Certified Legal Intern Participation." The text of the subdivision remains the same.

Last, the amendments to rule 2.510 (Foreign Attorneys) are limited to providing additional directions and further specifying the information that foreign attorneys are to provide in seeking pro hac vice status and continuing to appear as counsel before a court in Florida in subdivision (b), Contents of Verified Motion. In addition, on the Court's own motion, we modify the title of the form and paragraph 14 in the form to reflect the change of the name of these rules as amended in rule 2.110.

## III. CONCLUSION

Having considered the Committee's report, the comments submitted to the Committee and to the Court, and the Committee's responses to the comments, we amend the Florida Rules of Judicial Administration as reflected in the appendix to

this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective March 1, 2021, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Michael Jeffrey Korn, Chair, Jacksonville, Florida, Josephine Gagliardi, Past Chair, Florida Rules of Judicial Administration Committee, Fort Myers, Florida, Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Anthony C. Musto, Hallandale Beach, Florida; Rex E. Russo of Law Office of Rex E. Russo, Coral Gables, Florida; Carol Jean LoCicero and Mark R Caramanica of Thomas & LoCicero PL, on behalf of the News Media Coalition, Tampa, Florida; and M. Hope Keating and Fred W. Baggett of Greenberg Traurig, P.A., on behalf of Florida Association of Court Clerks, Inc., Tallahassee, Florida,

Responding with comments

**APPENDIX**

**RULE 2.110.          SCOPE AND PURPOSE**

These rules, cited as "Florida Rules of General Practice and Judicial Administration" and abbreviated as "Fla. R. Gen. Prac. & Jud. Admin.," ~~shall take~~have been in effect ~~at~~since 12:01 a.m. on July 1, 1979. They shall apply to administrative matters in all courts to which the rules are applicable by their terms. The rules shall be construed to secure the speedy and inexpensive determination of every proceeding to which they are applicable. These rules shall supersede all conflicting rules and statutes.

**RULE 2.265.          MUNICIPAL ORDINANCE VIOLATIONS**

**(a)-(c)          [No changes]**

**(d)          ~~Judicial Notice of Municipal Ordinances. The judges of the county courts may take judicial notice of any municipal ordinance if a certified copy of the ordinance has been filed in the office of the clerk of circuit court or, in those counties having a clerk of the county court, filed in that office, and if a certified copy of the ordinance is presented to the court.~~**

**~~(e)~~          Style of Municipal Ordinance Cases.** All prosecutions for violations of municipal ordinances in county court shall have the following style: City of .................... v. ....................

**RULE 2.330.          DISQUALIFICATION OF TRIAL JUDGES**

**(a)          Application.** This rule applies only to county and circuit judges in all matters in all divisions of court when acting alone as the sole judicial officer in a trial or appellate proceeding. It does not apply to justices, appellate-level judges, or county and circuit judges sitting on a multi-judge appellate panel.

**(b)          Parties.** Any party, including the state, may move to disqualify the ~~trial~~ judge assigned to the case on grounds provided by rule, ~~by~~ statute, ~~or by~~ the Code of Judicial Conduct, or general law, and in accordance with the procedural provisions of this rule.

- 11 -

**(c)     Motion.** A motion to disqualify shall:

(1)     be in writing;

(2)     allege specifically the facts and reasons upon which the movant relies as the grounds for disqualification, and identify the precise date when the facts constituting the grounds for the motion were discovered by the party or the party's counsel, whichever is earlier;

(3)     be sworn to or affirmed by the party by signing the motion ~~under oath~~ or by attaching a separate affidavit; ~~and~~

(4)     include the dates of all previously granted motions to disqualify filed under this rule in the case and the dates of the orders granting those motions; and

(5)     include a separate certification by the attorney for the party, if any, that the motion and the client's statements are made in good faith.

~~The attorney for the party shall also separately certify that the motion and the client's statements are made in good faith. In addition to filing with the clerk, the movant shall immediately serve a copy of the motion on the subject judge as set forth in Florida Rule of Civil Procedure 1.080.~~

**(d)     Service.** In addition to filing with the clerk, the movant shall promptly serve a copy of the motion on the subject judge as set forth in rule 2.516.

**(e)     Grounds.** A motion to disqualify shall ~~show~~set forth all specific and material facts upon which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(1)     ~~that~~ the party reasonably fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge;

(2)     ~~that~~ the judge, ~~before whom the case is pending, or some person related to said judge by consanguinity or affinity within the third degree, is a party thereto or is interested in the result thereof, or that said judge is related to an attorney or counselor of record in the cause by consanguinity or affinity within the third degree, or that said judge is a material witness for or against one of the parties to the cause~~the judge's spouse or domestic partner, or a person within the third

- 12 -

degree of relationship to either of them, or the spouse or domestic partner of such a person:

      (A)   has more than a *de minimis* economic interest in the subject matter in controversy or is a party to the proceeding, or an officer, director, or trustee of a party;

      (B)   is acting as a lawyer in the proceeding;

      (C)   has more than a *de minimis* interest that could be substantially affected by the proceeding; or

      (D)   is likely to be a material witness or expert in the proceeding.

    (3)   The judge served as a lawyer or was the lower court judge in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter; or

    (4)   The judge has prior personal knowledge of or bias regarding disputed evidentiary facts concerning the proceeding.

**(f)   Prohibition Against Creation of Grounds for Disqualification Based Upon Appearance of Substitute or Additional Counsel.** Upon the addition of new substitute counsel or additional counsel in a case, the party represented by such newly appearing counsel is prohibited from filing a motion for disqualification of the judge based upon the new attorney's involvement in the case. This subdivision shall not apply, however, to a motion to disqualify a successor judge who was not the presiding judge at the time of the new attorney's first appearance in the case.

**(eg)  Time.** A motion to disqualify shall be filed within a reasonable time not to exceed ~~10~~20 days after discovery by the party or party's counsel, whichever is earlier, of the facts constituting the grounds for the motion ~~and shall be promptly presented to the court for an immediate ruling~~. The motion shall be promptly served on the subject judge as set forth in subdivision (d). Any motion for disqualification made during a hearing or trial must be based on facts discovered during the hearing or trial and may be stated on the record, provided that it is also promptly reduced to writing in compliance with subdivision (c)(1) and promptly filed. A motion made during hearing or trial shall be ruled on immediately.

- 13 -

**(fh)** **Determination — Initial Motion.** The judge against whom an initial motion to disqualify under subdivision ~~(d)(1)~~(e) is directed ~~shall~~may determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. ~~If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action.~~ If any motion is legally insufficient, an order denying the motion shall immediately be entered. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. Such an order does not constitute acknowledgement that the allegations are true.

**(gi)** **Determination — Successive Motions.** If a judge has been previously disqualified on motion for alleged prejudice or partiality under subdivision ~~(d)(1)~~(e), a successor judge ~~shall not~~cannot be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case. Such a successor judge may rule on the truth of the facts alleged in support of the motion.

**(hj)** **Prior Rulings.** Prior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within ~~20~~30 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.

**(ik)** **Recusal Upon Judge's Initiative.** Nothing in this rule limits the judge's authority to enter an order of ~~disqualification on the judge's own initiative~~recusal.

**(jl)** **Time for Determination.** The judge ~~shall rule on a~~against whom the motion ~~to disqualify immediately~~for disqualification has been filed shall take action on the motion immediately, but no later than 30 days after the service of the motion as set forth in subdivision (ed). If ~~not ruled on~~the motion is not denied within 30 days of service, the motion ~~shall be~~is deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.


**RULE 2.505.      ATTORNEYS**

**(a)-(d)      [No change]**

- 14 -

**(e) Appearance of Attorney.** An attorney may appear <u>for a party</u> in a<u>n action or</u> proceeding in any of the following ways:

~~(1)~~**(1) First Pleading or Document.** ~~By serving and filing,~~ <u>Signing the first pleading or other document filed</u> on behalf of a party~~, the party's first pleading or paper in the proceeding~~.

~~(2)~~**(2) Notice of Appearance.** ~~By substitution of counsel, but only by order of court and with written consent of the client, filed with the court. The court may condition substitution upon payment of, or security for, the substituted attorney's fees and expenses, or upon such other terms as may be just~~<u>Filing a notice of appearance on behalf of a party</u>.

~~(3)~~**(3) Order on Substitution of Counsel.** ~~By filing with the court and serving upon all parties a notice of appearance as counsel for a party that has already appeared in a proceeding pro se or as co-counsel for a party that has already appeared in a proceeding by non-withdrawing counsel~~<u>Filing of a written order by the court, that reflects written consent of the client. The court may condition substitution of counsel upon payment of or grant of security for the substituted attorney's fees and expenses or upon such other terms as may be just.</u>

**(4) Notice of Substitution of Counsel.** <u>Filing a notice of substitution of counsel when the substituting attorney is from the same law firm, company, or governmental agency as the replaced attorney.</u>

**(5) Notice of Limited Appearance.** <u>Filing a notice of limited appearance as permitted by another rule of court.</u>

**(6) Appearance as Stand-In Counsel.** <u>Appearing as stand-in counsel pursuant to subdivision (g).</u>

**(f) Termination of Appearance of Attorney.** ~~The~~<u>An</u> appearance of an attorney for a party in a<u>n action or</u> proceeding shall terminate only ~~in one of the following ways~~<u>upon</u>:

~~(1) *Withdrawal of Attorney.*~~**(1) Withdrawal of Attorney.** ~~By order of court, where the proceeding is continuing, upon motion and hearing, on notice to all parties and the client, such~~<u>A written order of the court after hearing upon a</u>

motion setting forth ~~the~~ reasons for withdrawal and the client's last known address, telephone number, ~~including area code,~~ and e-mail address.

~~(2) Substitution of Attorney.~~(**2) Substitution of Attorney.** ~~By order of court, under the procedure set forth in subdivision (e)(2) of this rule~~Substitution of counsel pursuant to subdivision (e)(3) or (e)(4).

~~(3) Termination of Proceeding.~~(**3) Termination of Proceeding.** ~~Automatically, without order of court, upon the t~~Termination of an action or proceeding~~, whether by final order of dismissal, by final adjudication, or otherwise, and following the~~ and expiration of any applicable time for appeal~~, where~~ when no appeal is taken, without any further action of the court unless otherwise required by another rule of court.

~~(4) Filing of Notice of Completion.~~(**4) Termination of Post-Judgment Appearance.** ~~For limited representation proceedings under Florida Family Law Rule of Procedure 12.040, automatically, by the filing of a notice of completion titled "Termination of Limited Appearance" pursuant to rule 12.040(c).~~

(A)    In non-criminal matters in which an attorney has appeared after entry of judgment, filing of a notice of termination of appearance.

(B)    In matters governed by the rules of criminal or juvenile procedure in which an attorney has appeared after entry of a judgment, entry of a written order of the court after hearing upon a motion setting forth the reasons for withdrawal.

(**5)    Termination of Limited Appearance.** Filing a notice of termination of limited appearance in an action or proceeding in which an attorney has filed a notice of limited appearance pursuant to subdivision (e)(5).

(**6)    Termination of Hearing.** Conclusion of a hearing or proceeding in which an attorney has appeared as stand-in counsel pursuant to subdivision (g).

(**g)    Law Student Participation.** ~~Eligible law students shall be permitted to participate as provided under the conditions of chapter 11 of the Rules Regulating The Florida Bar as amended from time to time.~~**Stand-In Counsel**. An attorney may stand in for another attorney to cover a proceeding or hearing only if a notice of stand-in counsel is filed or the appearance of stand-in counsel is

- 16 -

reflected on a record maintained by the court or by the clerk of court. A stand-in attorney from the same law firm, company, or governmental agency as an attorney of record is not required to file a notice of stand-in counsel.

**(h)    Attorney as Agent of Client.** ~~In all matters concerning the prosecution or defense of any proceeding in the court, the attorney of record shall be the agent of the client, and any notice by or to the attorney or act by the attorney in the proceeding shall be accepted as the act of or notice to the client.~~An attorney appearing in an action or proceeding pursuant to subdivisions (e)(1)–(e)(6) is the agent authorized to bind the client for purposes of the action, hearing, or proceeding.

**(i)    Attorney of Record.** An attorney appearing in an action or proceeding pursuant to subdivisions (e)(1)–(e)(5) is an attorney of record for the party for the matters specified.

**(j)    Law Student and Certified Legal Intern Participation.** Eligible law students shall be permitted to participate as provided under the conditions of chapter 11 of the Rules Regulating The Florida Bar as amended from time to time.

**Court Commentary**
[No changes]

**RULE 2.510.    FOREIGN ATTORNEYS**

**(a)    [No change]**

**(b)    Contents of Verified Motion.** A form verified motion accompanies this rule and ~~shall~~must be utilized by the foreign attorney. Within 10 days of discovering any information which is different than the representations made in the verified motion, the foreign attorney must supplement the motion with the new information. The supplemental information must be filed with the court and The Florida Bar. The obligation to supplement the motion exists until the motion is denied or the foreign attorney is no longer counsel in the case. The verified motion required by subdivision (a) ~~shall~~must include:

(1)-(2)    [No changes]

(3)    a statement identifying all jurisdictions in which a judicial officer or the entity responsible for attorney regulation:

(A)    initiated disciplinary, suspension, disbarment, or contempt proceedings ~~have been initiated~~ against the attorney in the preceding 5 years including the date on which the proceeding was initiated, the nature of the alleged violation, and the result of the proceeding including any~~the~~ sanction, ~~if any,~~ imposedor

(B)    disciplined, suspended, disbarred, or held in contempt the attorney in the preceding 5 years including the date on which the sanction was entered and the nature of the violation;

(4)-(8)    [No changes]

**VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF <u>GENERAL PRACTICE AND JUDICIAL ADMINISTRATION</u> 2.510**

Comes now _____, Movant herein, and respectfully represents the following:

1.    [ ] Movant resides in _____,. _____
          (City)      (State)

Movant is not a resident of the State of Florida.

[ ]  Movant is a resident of the State of Florida and has an application pending for admission to The Florida Bar and has not previously been denied admission to The Florida Bar.

2.     Movant is an attorney and a member of the law firm of (or practices law under the name of) _____ _____, with offices at

_____,

_____, _____,

_____, _____, _____,

  (County)    (State)   (Zip Code)  (Telephone)

- 18 -

3.     Movant has been retained personally or as a member of the above named law firm on _____ by _____

         (Date Representation Commenced)    (Name of Party or Parties)

to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

4.     Movant is an active member in good standing and currently eligible to practice law in the following jurisdiction(s): Include attorney or bar number(s). (Attach an additional sheet if necessary.)

| JURISDICTION | ATTORNEY/BAR NUMBER |
|---|---|
| | |
| | |
| | |
| | |
| | |

5.     ~~There have been no disciplinary, suspension, disbarment, or contempt proceedings initiated against Movant~~<u>A judicial officer or the entity responsible for attorney regulation has neither initiated disciplinary, suspension, disbarment or contempt proceedings or disciplined, suspended, disbarred or held Movant in contempt</u> in the preceding 5 years, except as provided below (give jurisdiction of proceeding, date upon which proceeding was initiated, nature of alleged violation, statement of whether the proceeding has concluded or is still pending, and sanction, if any, imposed): (Attach an additional sheet if necessary.)

_____

_____

_____

_____

_____

6.     Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

7.     Movant is not an inactive member of The Florida Bar.

8. Movant is not now a member of The Florida Bar.

9. Movant is not a suspended member of The Florida Bar.

10. Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation or disciplinary revocation from The Florida Bar.

11. Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of General Practice and Judicial Administration 2.510, except as provided below (give date of disciplinary action or contempt, reasons therefor, and court imposing contempt): (Attach an additional sheet if necessary.)

_____

_____

_____

_____

_____

12. Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matters: (Attach an additional sheet if necessary.)

Date of Motion  Case Name  Case Number  Court  Date  Motion  Granted/Denied

_____

_____

_____

_____

_____

13. Local counsel of record associated with Movant in this matter is _____ who is an active member in good standing of The Florida Bar (Name and Florida Bar Number)

and has offices at _____, _____, _____,
             (Street Address)        (City)        (County)

_____, _____ _____.
   (State)         (Zip Code)     (Telephone with area code)

(If local counsel is not an active member of The Florida Bar in good standing, please provide information as to local counsel's membership status._____)

14.     Movant has read the applicable provisions of Florida Rule of General Practice and Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

15.     Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida. WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.

DATED this _____ day of _____, 20____.

_____
Movant

_____
Address

_____
Address

_____
City, State, Zip Code

_____
Telephone Number

_____
E-mail Address

STATE OF _____
COUNTY OF _____

I, _____, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

                                                      _____

                                                         Movant

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of General Practice and Judicial Administration 2.510.

     DATED this _____ day of _____, 20\_\_\_\_.

                                                      _____

                                                       Local Counsel of Record

                                                       _____

                                                       Address

                                                       _____

                                                       Address

                                                       _____

                                                       City, State, Zip Code

                                                       _____

                                                       Telephone Number

                                                       _____

                                                       Florida Bar Number

                                                       _____

                                                       E-mail Address

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served by mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar, or notice that the movant has requested a judicial waiver of said fee; and by (e-mail) (delivery) (mail) (fax) to (name of attorney or party if not represented)

_____

_____

_____

this _____ day of _____, 20\_\_\_\_.

_____

Movant